## Frew's Estate.

Argued October 2, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*Ruth Forsht,* Special Deputy Attorney General, with her *E. A. DeLaney,* Deputy Attorney General, and *Claude T. Reno,* Attorney General, for. appellant.

*Harry E. McWhinney,* for appellee.

OPINION BY MR. JUSTICE DREW, October 28, 1940:

William Frew, a feeble-minded person, was confined in the Allegheny County Home and Hospital at Woodville for indigent mental patients for a number of years prior to his death on December 25, 1939, and during that time the Commonwealth of Pennsylvania contributed the sum of $2.00 per week on account of the costs of his maintenance. Prior to his death he inherited an estate from his brother in the amount of $2,410.00 and the Potter Title & Trust Company was appointed guardian of the estate. After his death, at the confirmation of the first and final account of his guardian in the Court of Common Pleas, the Commonwealth presented a claim for money thus contributed, on the theory that the Act of June 1, 1915, P. L. 661, as amended,[1] gave that court

---

[1] Section 4, as amended by the Acts of May 10, 1921, P. L. 438, and April 25, 1929, P. L. 704, provides: "The court of common pleas of the county of the residence of any inmate of a State-owned mental hospital, or any home, hospital, asylum, or other institution wherein said inmate is maintained in part by the Commonwealth of Pennsylvania, shall, upon the application of the Department of Justice, acting on behalf of the Department of Revenue, make an order for the payment of maintenance to the Commonwealth, upon the trustee, committee, guardian, or other person who has charge of the estate of any such inmate, . . ."

authority to order payment of such claim. In confirming the account the learned judge refused to order payment of the claim, on the ground that the Commonwealth must present its claim as a creditor in the Orphans' Court, and he was sustained by the court en banc. This appeal followed.

The order of the court below must be affirmed. The term "inmate", as used in section 4 of the Act, refers to a living person, since the order is to be made "upon the trustee, committee, guardian, or other person who has charge of the estate of any such inmate . . ." Section 2 of the Act, as amended,[2] refers to "inmates" and "deceased inmates" and properly connects trustees, committees and guardians with living inmates and executors and administrators with deceased inmates. This but follows the established law, as for example, in the case of guardians: "It is an elementary rule of law that when an imbecile dies, in fact, his guardian dies, in law; his legal power is at an end. His sole duty then is to render an account of his stewardship up to the date of his ward's death, giving the full amount of all debits and credits touching his administration, and of all unpaid claims and unfinished business. . . . The guardian is the personal representative of the ward while the ward lives; upon the ward's death the administrator or executor becomes his personal representative as to any and all

---

[2] Section 2, as amended by the Acts of May 10, 1921, P. L. 438, and April 25, 1929, P. L. 704, provides: "Every trustee, committee, guardian or other person, nominated or appointed to take charge of the estate of any insane, feeble-minded, or other person who is an inmate of any State-owned mental hospital or any home, asylum, or other institution wherein said inmate is maintained in part by the Commonwealth, shall, within three months after his appointment, make a true and full report, under oath, to the Department of Revenue, showing the amount and character of said estate, and every year thereafter report to the Department of Revenue what, if any, changes there are in said estate; and every executor or administrator of any deceased inmate of any mental hospital, asylum, home, or institution, . . ."

things pertaining to debtors and creditors of the estate, whether such debt or credit arose out of transactions with the ward himself or his personal representative in his lifetime, the guardian.": *Simpson v. Holmes,* 106 Ohio St. 437, 439. In the instant case, therefore, since the ward is dead, section 4 of the Act of 1915, as amended, is not applicable and the claim of the Commonwealth should be presented, not to the guardian, but rather to the administrator of the estate under the jurisdiction of the Orphans' Court.[3]

Order affirmed.

---

[3] The Orphans' Court Act of June 7, 1917, P. L. 363, section 9, provides: "The jurisdiction of the several orphans' courts, whether separate or otherwise, shall extend to and embrace:

. . . . . . . . . . .

(e) The distribution of the assets and surplusage of the estates of decedents among creditors and others interested"; The Fiduciaries Act of June 7, 1917, P. L. 447, section 13(a), provides: "All debts owing by any person within this State at the time of his decease shall be paid by his executors or administrators, . . ."