## Sterner Estate

J. C. Lanshe, for accountant.

E. E. Farbman and G. H. Sacks, for exceptant.

HENNINGER, P. J., November 15, 1948.—The exceptions of the Veterans Administration to the first and final account filed by Merchants National Bank, guardian of the estate of Gertrude L. Sterner, a weak-minded person, involve the propriety of the guardian receiving, endorsing and accepting the proceeds of a Veterans Administration check after the death of the ward, a weak-minded person.

Gertrude L. Sterner, a patient in the Allentown State Hospital, was the stepmother of a soldier who died on September 4, 1945, after having been a prisoner of war. Her guardian proved her dependency upon the soldier and she was awarded compensation benefits of $45 per month from September 5, 1945, to August 31, 1946, and of $54 per month from that date. A check payable to her guardian for such accrued payments to March 31, 1947, arrived on April 11, 1947, and was deposited by the guardian and accounted for in its final accounting. Gertrude L. Sterner died on February 24, 1947.

The guardian failed to notify the Veterans Administration of the filing of its account in disregard of the Act of April 24, 1929, P. L. 647, sec. 1, 20 PS §788, requiring that a certified copy of any account involving funds received from the United States Veterans Bureau should be forwarded to it. The guardian, however, consented to the opening of the confirmation and to the filing of exceptions by the Veterans Administration and we are now in the same position as if the exceptions had been filed originally.

There are three exceptions which involve: (1) The right of the guardian to cash the check; (2) the power of the guardian to receive moneys for the ward after her death, and (3) the title of the ward's estate to compensation benefits which were not paid prior to her death.

We prefer to base our opinion on the third proposition because it makes a final disposition of the matter.

On the first proposition, exceptant cites Veterans Regulation No. 2(a) part 1, par. V, as amended by section 12 of the Act of July 13, 1943, 57 Stat. at L. 557, to the effect that in the event of death of a payee of a check for benefits prior to death, the check shall become an asset of the estate of the deceased payee. There are several objections to invoking that clause because: (1) The check was to the guardian as payee and not to anyone who is now deceased, and (2) it covered compensation beyond the lifetime of the ward.

Many cases were cited by both sides as to the effect of the ward's death upon the powers of the guardian of a weak-minded person. We have studied these cases and notably Frew's Estate, 340 Pa. 89, and agree with the general proposition that a guardian's powers terminate—except for the duty to account—with the death of the ward. All of the cases cited, however, deal with the presentation of claims, which must be presented to the administrator. In the absence of direct authority to that effect we hesitate to say that the guardian becomes executor de son tort of any funds it may receive between the death of the ward and the appointment of a personal representative of the ward's estate. Surely a guardian may not compete with an administrator for possession of funds, but we can readily conceive of instances in which a guardian might be severely criticized for letting assets of his deceased ward slip away, simply on the theory that its right to receive them ended with the ward's death.

Exceptant might be hoist on his own petard, were we to refer him to the personal representative of Gertrude L. Sterner. With more license we might compel exceptant to resort to suit. We are convinced, however, that both parties are intent upon settling their rights

and therefore we are willing to decide the questions raised.

We are convinced that when Gertrude L. Sterner died prior to receipt of the compensation benefits awarded her, she, her guardian and her administratrix forfeited all claim to the same. This may seem a harsh rule, but it is a condition of the benefits awarded and her guardian must accept the Government's bounty upon the donor's terms. Veterans Regulation No. 2 (a) part 1, par. V, as amended by section 12 of the Act of July 13, 1943, 57 Stat. at L. 557, provides inter alia:

"Pension, compensation, or retirement pay authorized under laws administered by the Veterans Administration, to which a person was entitled prior to the date of his death, and not paid during his lifetime . . . shall, upon the death of such person, be paid as hereinafter set forth:

. . . . . . . .

"(e) in all other cases, only so much of the unpaid pension, compensation or retirement pay may be paid as may be necessary to reimburse a person who bore the expense of last sickness and burial. . . ."

This is such an "other case" covered by (e) and as contended by counsel for the Veterans Administration, the compensation, above last sickness and burial, is lost if unpaid during the beneficiary's life. An examination of the account reveals that the guardian did not pay for the ward's funeral expenses, hence it has no claim for refund.

We understand that accountant has paid over its entire balance to the administratrix who has fully accounted to the heirs of the ward. This cannot affect our decision but should stir the consciences of the recipients to reimburse the guardian for their excess payments.

Now, November 15, 1948, exceptant's exception no. 3 is sustained, the claim of the Veterans Administration

is allowed, and it is ordered that the accountant pay over to the Treasurer of the United States the sum of $912 in restitution of the amount received and to which accountant was not entitled under United States statutes and regulations.