Widener Estate.

Argued January 21, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Richard P. Brown, Jr.,* with him *William T. Dyer,* and *Morgan, Lewis & Bockius,* for appellants.

*H. Ober Hess,* with him *Benjamin R. Neilson,* and *Ballard, Spahr, Andrews & Ingersoll,* for appellees.

*Philip A. Brégy,* with him *MacCoy, Evans & Lewis,* for appellee.

OPINION BY MR. JUSTICE JONES, March 20, 1970:

The Orphans' Court Division of the Court of Common Pleas of Montgomery County adjudicated Gertrude D. Widener to be an incompetent and appointed

the Provident National Bank of Philadelphia as guardian of her estate.[1] From that decree an appeal was taken to this Court by the incompetent's two natural children.[2]

The sole issue on this appeal is the propriety of the appointment of the Provident National Bank as guardian of the incompetent. Appellants' contention is that the Provident National Bank, although a competent corporate guardian, nevertheless potentially at least had a conflict of interests which should preclude its appointment.

On February 3, 1970, Gertrude D. Widener, the incompetent, died, and the necessity for a guardianship of her estate has now terminated.[3] Under the circumstances, the issue raised on this appeal has been rendered moot and the appeal must be dismissed.

Even though the appeal is now rendered moot, we deem it necessary to comment upon a matter which occurred in the course of the incompetency proceedings below.

Under the rules of court of the Orphans' Court Division of the Court of Common Pleas of Montgomery County, the testamentary writings of a person adjudged to be incompetent are impounded and filed with the court. Such a rule is salutary and protective of the rights of the incompetent and with the rule itself we find no fault.

However, we do disapprove the action of the court below in *revealing* the contents of the impounded testamentary writings.

---

[1] All parties are in agreement that the adjudication of incompetency was proper.

[2] The appeal was argued on January 21, 1970.

[3] See: *Frew's Estate*, 340 Pa. 89, 91, 16 A. 2d 26 (1940). The sole duty of the guardian is to render an account of its stewardship up to the date of Mrs. Widener's death. *Cf. Gensemer's Estate*, 170 Pa. 96, 99-102, 32 A. 561 (1895) ; *Ebling's Estate*, 134 Pa. 227, 19 A. 847 (1890).

In a preliminary statement in the court below, during the course of the hearing, appellee's counsel stated: "I also wish to say, as part of these preliminary remarks, and with particular reference to paragraph two, of the prayer of the petition, that Gertrude D. Widener's testamentary documents have already been privately filed in this—." To this, the court below responded: "They are in my possession. They have been delivered to me, and they are in my possession."

When the court below wrote its opinion on December 4, 1969, it stated: "There is an additional reason for especially considering the opinion of Mrs. Loudon in this matter. The court has received, according to the requirements of its rules, copies of decedent's [sic] existing testamentary writings (a 1964 will and a 1965 codicil); these are not apt to be changed under present circumstances. She gives substantial specific legacies to all of her children, and others as well, but the residue of her estate, comprising by far its major part, is placed in trust for the benefit of Mrs. Loudon and her issue. Only if Mrs. Loudon should die without issue (she has six children) do the objectors obtain an interest in the residuary estate. Petitioners are the named executors, but Provident is a substituted executor, and is also appointed co-trustee."

When the testamentary writings of an adjudged incompetent are placed in the custody of the court, such writings must be kept sealed and held privately and confidentially, and the contents of such writings must not be made known in any manner whatsover. The revelation of Mrs. Widener's testamentary writings was improper and the utilization of the contents of such writings by the court below as a reason for its selection of the particular guardian cannot be condoned. Once the testamentary writings of an incompetent are filed with the court for safekeeping, the contents of

298

such writings should be held in a confidential manner until the incompetent's death.

Appeal dismissed. Each party to pay own costs.

Mr. Chief Justice BELL did not participate in this decision.