**In re Appointment of a Guardian of the Person of Mildred J. GERBER.**

**Appeal of Marilyn Jo Gerber.**

Superior Court of Pennsylvania.

Submitted Feb. 11, 2003.
Filed May 14, 2003.

Stanley J.A. Laskowski, Harrisburg, for appellant.

Jane N. Neflin, appellee.

Amy J.S. Mendelsohn, Harrisburg, for PNC Bank, appellee.

Jacqueline M. Verney, Carlisle, for Mildred J. Gerber, appellee.

Richard C. Rupp, Camp Hill, for Frederick E. Gerber, II, appellee.

Before: JOHNSON, JOYCE and OLSZEWSKI, JJ.

JOYCE, J.

¶ 1 Appellant, Marilyn Jo Gerber, appeals from the March 27, 2002 order dismissing her exceptions to the trial court's December 21, 2001 order that appointed her brother, Frederick E. Gerber, II, as guardian of the person of their mother, Mildred J. Gerber. Upon review, we dismiss the appeal. The relevant facts and procedural history are as follows.

¶ 2 On January 19, 2001, Frederick E. Gerber, II ("Frederick") filed a petition in the Court of Common Pleas of Cumberland County seeking to have his mother, Mildred J. Gerber ("Mildred"), adjudicated incompetent. Specifically, Frederick requested that the trial court appoint a plenary guardian of the estate to control Mildred's financial affairs. The trial court held several hearings on this petition, and on March 22, 2001, made the following factual findings:

(1) Mildred J. Gerber, born November 9, 1914, suffers from dementia that impairs her capacity to make and communicate decisions.

(2) Her ability to receive and evaluate information effectively and communicate decisions is impaired to such a significant extent that she is totally unable to manage her financial resources.

(3) The estrangement between one of her daughters [Appellant] and her other daughter [Jane Heflin] and son [Frederick], and the substantial assets in her estate, requires the appointment of a corporate guardian.

(4) A plenary guardian of the estate is necessary because the incapacity is permanent.

(5) The guardianship must be for an unlimited period.

Trial Court Findings and Order, 3/22/01, Certified Record, at 247. Accordingly, the trial court appointed PNC Bank to act as the plenary guardian of Mildred's estate.

*Id.* An appeal was not taken from this order.

¶ 3 Thereafter, on September 5, 2001, Frederick filed a petition in which he sought the appointment of a guardian for Mildred's person. After hearings on this petition, the trial court found that the testimony was consistent with its prior determination that Mildred is "permanently incapacitated." Opinion and Order of Court, 12/21/01, at 3; Certified Record, at 826. It also found that Mildred's "lack of ability to receive and evaluate information effectively, or to adequately communicate decisions and care for herself, and the permanent nature of her condition, requires that a plenary guardian of her person be appointed for an unlimited period." *Id.* In view of these findings, the trial court appointed Frederick to serve as guardian of his mother's person.

¶ 4 Appellant filed exceptions to this petition and alleged, among other things, that Frederick, as petitioner, failed to present clear and convincing evidence of their mother's incapacity and her inability to care for her own physical health and safety. Additionally, Appellant also challenged the trial court's refusal to permit an independent evaluation of Mildred and questioned her mother's absence at the hearing. Finally, Appellant claimed that the trial court erred when it appointed Frederick as the sole plenary guardian of Mildred's person. On March 27, 2002, the trial court dismissed the exceptions as meritless, and this timely appeal followed.

¶ 5 In her brief, Appellant raises the following issues for our review:

A. Whether plenary appointment of a guardian over the person was not required due to the lack of clear and convincing evidence of the total incapacity and inability of Mildred J. Gerber to meet the central needs of her physical health and safety.

B. Whether the trial court erred in accepting the testimony of Dr. Cadieux as to incapacity in failing to direct an independent evaluation of Mildred Gerber pursuant to 20 Pa.C.S.A. § 5511.

C. Whether the trial court erred in giving preference to Frederick E. Gerber, II and not [Appellant] to be appointed as plenary guardian, or co-guardian over the person of Mildred Gerber.

D. Whether the presence of Mildred Gerber during the hearings on October 8, 2001 and December 19, 2001 as to her incapacity and appointment of a personal guardian were required by 20 Pa. C.S.A. § 5511(a).

Appellant's Brief, at 4 (full capitalization omitted).

■ ¶ 6 Subsequent to the filing of this appeal, however, Frederick informed this Court that his mother died on January 14, 2003. In view of Mildred's death, we recognize that the necessity for a guardianship of her person has terminated. Accordingly, we must determine whether the issues raised in the instant appeal are moot.

■ ¶ 7 In this Commonwealth, "an actual claim or controversy must be present at all stages of the judicial process for the case to be actionable or reviewable." *In re Duran,* 769 A.2d 497, 502 (Pa.Super.2001). "If events occur to eliminate the claim or controversy at any stage in the process, the case becomes moot." *Id.* In those instances, however, where the case involves an important public interest that is capable of repetition but is likely to continually evade appellate review, we may reach the merits of an appeal despite its technical mootness. *Id.; In re Fiori,* 543 Pa. 592, 600 n. 4, 673 A.2d 905, 909 n. 4 (1996).

¶ 8 In the instant case, we find that Mildred's death rendered Appellant's claims technically moot. *See In re Estate*

*of Widener,* 437 Pa. 294, 296, 263 A.2d 334, 335 (1970) (finding that appeal challenging the appointment of a bank as guardian of the estate of an incompetent was rendered moot upon death of incompetent). Additionally, we do not find that any of the issues raised in the instant appeal are among those that are likely to continually evade appellate review. While many of the individuals that are declared incompetent may be physically or mentally infirm, there is nothing to suggest that a timely review of these issues is impracticable in many instances. *Compare In re Dorone,* 349 Pa.Super. 59, 502 A.2d 1271 (1985), *appeal granted,* 511 Pa. 609, 515 A.2d 893 (1986), *affirmed,* 517 Pa. 3, 534 A.2d 452 (1987) (determining that it would reach the merits of an appeal involving the emergency administration of a blood transfusion to a Jehovah's Witness since emergency transfusions will always be given before the appellate process can be completed); *In re Fiori, supra* (finding a trial court's determination of whether to remove life sustaining treatment from an adult who did not leave an advance directive is an important public interest, capable of repetition yet apt to elude appellate review).

¶ 9 Furthermore, in determining whether Mildred's death renders the instant appeal moot, we have considered the collateral consequences of permitting the trial court's adjudication of incompetency to stand without appellate review. Our legislature outlined these potential consequences in Section 5524 of the Decedents Estates and Fiduciaries Act. This section provides, as follows, in relevant part:

§ 5524. Effect of determination of incapacity

■ A partially incapacitated person shall be incapable of making any contract or gift or any instrument in writing in those specific areas in which the person has been found to be incapacitated.

A totally incapacitated person shall be incapable of making any contract or gift or any instrument in writing....

20 Pa.C.S.A. § 5524. Additionally, our Court has held that this language does not mandate a conclusive determination of incapacity. *Fulkroad v. Ofak,* 317 Pa.Super. 200, 463 A.2d 1155, 1156 (1983). Rather, "an adjudication of incompetency merely raises a *presumption* subject to rebuttal by proponents of the 'instrument' in question to show that at the time of its execution the maker was, in fact, capable." *Id.*

¶ 10 In the instant case, however, we do not find that the trial court's decision to appoint a guardian of Mildred's person would trigger the collateral effects outlined in Section 5524. Although this decision required the trial court to determine whether Mildred was able to provide for her physical health and safety, the trial court had also previously determined that Mildred was totally incompetent to handle her financial affairs. As the order adjudicating her incompetent and appointing PNC Bank as the plenary guardian of her estate was not appealed, any collateral effect occasioned by Section 5524 would exist regardless of the trial court's subsequent determination.

¶ 11 In view of the foregoing, we find that Mildred's death precludes our consideration of Appellant's issues. Thus, we dismiss the instant appeal.

¶ 12 Appeal dismissed. Jurisdiction relinquished.