J-A18035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: TRUST AGREEMENT OF JAMES CASTELLI, DATED OCTOBER 9, 1985 | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: SAMUEL F. NAPOLI, PERSONAL REPRESENTATIVE OF THE ESTATE OF ANITA CASTELLI NAPOLI | : : : : : : | No. 155 WDA 2021 |

Appeal from the Order Entered January 5, 2021
In the Court of Common Pleas of Washington County Orphans' Court at
No(s):  No. 63-15-0083

BEFORE:  STABILE, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED: May 16, 2024**

Samuel F. Napoli, Personal Representative of the Estate of Anita Castelli Napoli,[1] appeals from the order removing Anita Napoli ("Napoli") as trustee of the Trust of James Castelli, Dated October 9, 1985 ("Trust"). The order also enjoined the dissipation and spoliation of assets and former assets of the Trust. Napoli argues the court erred in permanently removing her as trustee, issuing an injunction *sua sponte* and without considering the preliminary injunction factors.

We dismiss Napoli's challenge to her removal as trustee as moot. We conclude the court improperly issued a preliminary injunction and therefore

_____

[1] Anita Napoli was a party to the litigation in the trial court and filed the notice of appeal. She passed away during the pendency of this appeal. Samuel F. Napoli, Personal Representative of the Estate of Anita Castelli Napoli, was substituted as a party pursuant to Pennsylvania Rule of Appellate Procedure 502(a). We will use "Napoli" when referring to both the appellant and Anita Napoli.

reverse the portion of the order that enjoined transfer, dissipation, or spoliation of trust assets.

In April 2016, Victor Castelli, Jr., ("Victor") filed a petition to remove Napoli as trustee of the Trust.[2, 3] Victor alleged, among other things, that Napoli had engaged in self-dealing and transferred assets from the Trust to a company she owned with her sister, Darietta Oliverio.

The court held a non-jury trial on January 28, 29, 30, and 31, with an additional day scheduled for March 5, 2020. The trial was limited "solely to the ultimate issue of Anita Napoli's removal as trustee." Order, Jan. 17, 2020. In February 2020, Napoli voluntarily submitted her resignation, eliminating the need for the last day of testimony. On March 5, 2020, the court entered an order removing Napoli as trustee:

> AND NOW, this 5th day of March, 2020, based on the testimony and evidence heard, and the resignation submitted and filed by trustee Anita Napoli executed February 26, 2020, and filed with the Register of Wills on February 27, 2020, the Court hereby accepts the resignation, and hereby permanently removes Ms. Napoli as a trustee of the trust under the agreement of James Castelli dated October 9, 1985.
>
> The Court further orders that Ms. Napoli hereafter shall not be considered as a trustee of that family trust.

---

[2] The Trust's settlor, James Castelli died in March 1993. At his death, the Trust had three co-trustees, Napoli, Dario D. Castelli, and Victor Castelli, Sr. Dario Castelli and Victor Castelli, Sr. have since passed away.

[3] In January 2015, Victor filed a petition for rule to show cause why an accounting should not be filed. Napoli filed an accounting in November 2015, and Victor filed objections.

Order, Mar. 5, 2020.

The order appointed AmeriServ Trust & Financial Services as corporate trustee and stated that in a separate order, the court would appoint "an appropriate member of the bar as a co-trustee." *Id.* It also placed restrictions on the trust property:

> The Court orders that Anita Napoli deliver all trust property forthwith to AmeriServ Trust & Financial Services, that she provide an accounting within sixty (60) days of today's date of all trust assets, and that no other assets be subject to spoliation or dissipation, including but not limited to the assets now or formerly of Super Outdoor Theaters, until such time as the accounting can be resolved in any remaining matters in that regard.

*Id.*

In May 2020, Victor filed a motion to clarify and amend the order. Victor argued, among other things, that the court should have included a finding that Napoli breached her duties as trustee and included "additional language to prevent any further spoliation or dissipation of assets of all Castelli family entities." Brief in Support of Motion to Clarify and Amend the March 5, 2020 Order, filed June 19, 2020, at 7. Napoli filed a response to Victor's motion and a cross-motion to modify the order, asking the court to remove certain language: "based on the testimony and evidence heard," "permanently removes," and "including but not limited to the assets now or formerly of Super Outdoor Theaters." Napoli's Response to Petitioner's Motion to Clarify and Amend the March 5, 2020 Order of Court and Respondent's Cross Motion to Modify, filed July 27, 2020, at ¶ 31.

The court heard argument and issued an amended order. The order contained the following paragraph accepting Napoli's resignation and "permanently" removing her as trustee:

> Based on the testimony and evidence presented, and the resignation submitted by trustee Anita Napoli, executed February 26, 2020 and filed with the Register of Wills on February 27, 2020, the Court hereby accepts the resignation and permanently removes Ms. Napoli as a trustee of the trust under the Trust Agreement of James Castelli, dated October 9, 1985; Anita Napoli shall not be considered a trustee of said trust hereafter.

Order, dated Oct. 9, 2020.[4]

It further ordered that assets and former assets of the trust not be subject to spoliation or dissipation, and enjoined the transfer, dissipation, and spoliation of assets or former assets of the trust:

> It is further ORDERED that Anita Napoli deliver all trust property forthwith to the successor trustees, AmeriServ and [Nora Gieg] Chatha, and ORDERS that no other assets of the trust and assets formerly of the trust be subject to spoliation or dissipation, and that all such assets, including but not limited to any Castelli family entity, Super Outdoor Theaters, Inc., Castelli Brothers Company, LP, or any successor entities to the aforementioned, are hereby enjoined from transfer, dissipation or spoliation until such time as the accounting of the former trustee and any remaining matters relating to the trust property are resolved, and further order of court.

*Id.* Napoli filed a notice of appeal.

Napoli raises the following issues:

---

[4] This order was dated October 9, 2020, but was not docketed until January 5, 2021.

1. Whether the Lower Court erred in *sua sponte* entering an injunction and purporting to enjoin entities that are not parties to these proceedings?

2. Whether the Lower Court [e]rred in Ordering that Anita Napoli is "permanently removed" as Trustee "based on the testimony and evidence presented" after Anita Napoli had already resigned as Trustee before the factual hearing was concluded and therefore the Petition to remove her as Trustee was moot?

3. Whether the Lower Court erred in (a) entering the January 17, 2020 Order of Court which granted Petitioner, Victor Castelli's, pretrial (i) Motion in Limine to Limit the Scope of Trial To Petitioner's Amended Petition and May 13, 2016 Citation Issued to Trustee Anita Napoli by the Washington County Clerk for the Orphans' Court and Proposed Order of Court, and (ii) Petitioner's Motion in Limine to Exclude from Trial the Testimony and Reports of Richard F. Brabender, JD, CVA and Proposed Order of Court, and (b) denying Anita Napoli's Motion to Frame Issues for Trial and to Limit Testimony Regarding Damages?

4. Whether this appeal is timely?

Napoli's Br. at 5-6 (suggested answers omitted).

We will address Napoli's second, third, and fourth claims first, for ease of disposition. In her second claim, Napoli challenges the order removing her as a trustee. She maintains the court erred in entering an order "permanently remov[ing]" her as trustee "based on the testimony and evidence presented." *Id.* at 25. Napoli argues the issue had been made moot by her prior resignation, in February 2020. *Id.* at 39. She maintains the court cannot remove someone who already resigned, the court cannot make factual findings without a complete record, and the words "permanently removed" were offensive and unnecessary. *Id.* at 25-26. Napoli also contends the court

- 5 -

should not have drawn a negative inference from her decision not to testify. She states she did not testify because the issue of her removal was moot.

In her third issue, the trial court erred in granting Victor's motions *in limine* which limited the trial to the issue of the removal of Napoli as trustee and excluded evidence from her expert and in denying her motions.

In her fourth claim, Napoli argues that the appeal is timely. She points out that the trial court invited requests to amend the order and accepted argument on the motion to clarify and her response. She further claims the order did not merely "clarify" the order but replaced it with a new one.

As Napoli has passed away during the pendency of this appeal, her challenges to the language of the order removing her as trustee and to the pre-trial motions related to the trial to determine whether she should be removed as trustee are dismissed as moot.[5] There no longer is "an actual

_____

[5] Further, the appeal of the order removing her as trustee and of the pre-trial orders was untimely. Pennsylvania Rule of Appellate Procedure 342 provides that certain appeals may be taken as of right from orders issued in the Orphans' Court Division, including "[a]n order determining the status of fiduciaries, beneficiaries, or creditors in an estate, trust, or guardianship." Pa.R.A.P. 342(a)(5). That rule further provides that the failure to appeal an order appealable under Rule 342(a)(1)-(7) constitutes a waiver: "Failure to appeal an order that is immediately appealable under paragraphs (a)(1)-(7) of this rule shall constitute a waiver of all objections to such order and such objections may not be raised in any subsequent appeal." Pa.R.A.P. 342(c).

In March 2020, the trial court accepted Napoli's resignation and permanently removed her as trustee. Napoli did not appeal. That order, which determined the status of fiduciaries, was appealable as of right, and she waived her objections to the order removing her as trustee when she failed to appeal. ***See id***. The March 2020 and October 2020 orders as related to her

*(Footnote Continued Next Page)*

claim or controversy" for our review. ***See In re Appointment of a Guardian of Gerber***, 824 A.2d 1204, 1206 (Pa.Super. 2003) (noting that "[i]f events occur to eliminate the claim or controversy at any stage in the process, the case becomes moot").[6]

Turning to her first issue, Napoli challenges the court's enjoining of dissipation and spoliation of trust property. Napoli maintains that the court should not have issued an injunction because the requirements for doing so were not met. She also faults the court for issuing an injunction against those who were not parties to the action, and an entity allegedly no longer is in existence. She also argues that the court improperly entered the injunction *sua sponte*, as Victor only sought her removal and a surcharge, and points out that Victor did not post a bond. She disagrees with the trial court that it did not issue an injunction, stating there is no way to interpret the order other than as an injunction. She argues that contrary to the court's conclusion, it did not have "equitable powers" over the assets, and she disputes the finding that she engaged in self-dealing.

_____

removal as trustee are virtually indistinguishable, with just minor changes in sentence structure. The court made no substantive changes. That the trial court invited the parties to raise with it any concerns did not alter that Napoli had to file a timely appeal and a failure to do so would result in a waiver of the objections. ***See id***. Napoli therefore waived any objection to her removal as trustee when she failed to appeal the March 2020 order.

[6] These issues do not involve "an important public interest that is capable of repetition but is likely to continually evade appellate review." ***In re Appointment of a Guardian of Gerber***, 824 A.2d at 1206.

The court maintained that it did not enter a preliminary injunction, but rather included language to protect the trust assets from dissipation or spoliation. Trial Court Opinion, dated Dec. 22, 2021, at 10 ("1925(a) Op."). It reasoned that the language was an exercise of its equitable powers over the assets of the Trust to ensure the assets belonging to the Trust are preserved. *Id.* The court referenced testimony from Victor's expert regarding breaches by Napoli and from Napoli's expert's testimony, who testified at trial, that he believed Napoli had engaged in self-dealing. *Id.* at 10-14.

An orphans' court has a "broad grant of judicial authority" that includes "all legal and equitable powers required for or incidental to the exercise of its jurisdiction." *In re Estate of Damario*, 412 A.2d 842, 844 (Pa. 1980). If a court finds a breach of trust, the remedies available include the ordering of "any appropriate relief," which may include voiding an act of a trustee, imposing a lien or constructive trust on trust property, or recovering trust property. 20 Pa.C.S.A. § 7781(b)(9)(i)-(iii). However, any such order is subject to statutory provisions protecting those who deal with trustees. 20 Pa.C.S.A. §§ 7781(b)(9), 7790.2 (providing for protection of people dealing with trustee).

We cannot agree with the trial court that it did not issue an injunction. The amended order barred the "transfer, dissipation or spoliation" of the trust's assets and former assets, including "any Castelli family entity, Super Outdoor Theaters, Inc., Castelli Brothers Company, LP, or any successor entities to the aforementioned":

> It is further ORDERED that Anita Napoli deliver all trust property forthwith to the successor trustees, AmeriServ and Attorney Chatha, and ORDERS that no other assets of the trust and assets formerly of the trust be subject to spoliation or dissipation, and *that all such assets, including but not limited to any Castelli family entity, Super Outdoor Theaters, Inc., Castelli Brothers Company, LP, or any successor entities to the aforementioned are hereby enjoined from transfer, dissipation or spoliation until such time as the accounting of the former trustee and any remaining matters relating to the trust property are resolved, and further order of court.*

Order, Oct. 9, 2020 (emphasis added). This portion of the order works as a preliminary injunction, both requiring and prohibiting certain actions, and it was appealable as of right. *See* Pa.R.A.P. 311(a)(4). Unlike the failure to appeal orders appealable under Rule 342(a), a failure to appeal an interlocutory order under Rule 311 does not waive objections thereto. Pa.R.A.P. 311(g).

We review the grant of a preliminary injunction for an abuse of discretion. ***Duquesne Light Co. v. Longue Vue Club***, 63 A.3d 270, 275 (Pa. Super. 2013) (citation omitted).

A court may issue a preliminary injunction "only after written notice and hearing unless it appears to the satisfaction of the court that immediate and irreparable injury will be sustained before notice can be given or a hearing held." Pa.R.C.P. 1531(a). Similarly, the Orphans' Court rules provide that the court may, upon petition, grant a preliminary injunction to prevent the dissipation of assets. ***See*** Pa.O.C.R. 7.4 ("[u]pon petition, the court may issue a preliminary, special, or permanent injunction in accordance with the rules

and procedures provided in Pa.R.C.P. 1531"); *Ambrogi v. Reber*, 932 A.2d 969, 975 (Pa.Super. 2007) (upholding preliminary injunction that prevented the sale of real property without placing the net proceeds into a court supervised escrow account).

To establish entitlement to preliminary injunctive relief, a party must show that: (1) "an injunction is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by damages[;]" (2) "greater injury would result from refusing an injunction than from granting it, and, concomitantly, that issuance of an injunction will not substantially harm other interested parties in the proceedings[;]" (3) a preliminary injunction "will properly restore the parties to their status as it existed immediately prior to the alleged wrongful conduct[;]" (4) "the activity it seeks to restrain is actionable, that its right to relief is clear, and that the wrong is manifest, or, in other words, must show that it is likely to prevail on the merits[;]" (5) the injunction it seeks is "reasonably suited to abate the offending activity[;]" and (6) "a preliminary injunction will not adversely affect the public interest." *Summit Towne Ctr., Inc. v. Shoe Show of Rocky Mount, Inc.*, 828 A.2d 995, 1001 (Pa. 2003).

Here, the trial court abused its discretion. It acted on its own motion and failed to make findings about any of the six factors required to issue a preliminary injunction. Furthermore, although there was a hearing, the hearing focused on whether Napoli should be removed as trustee, and not on whether the court should grant injunctive relief. We must therefore reverse

the portion of the order providing that the assets and former assets of the trust "including but not limited to any Castelli family entity, Super Outdoor Theaters, Inc., Castelli Brothers Company, LP, or any successor entities to the aforementioned are hereby enjoined from transfer, dissipation or spoliation." Order, dated Oct. 9, 2020.

Accordingly, we dismiss the appeal from the portions of the October 2020 order removing Napoli as a trustee of the Trust and mandating or prohibiting her taking certain acts as moot. We reverse the portion of the order enjoining the dissipation and spoliation of assets.

Appeal dismissed in part. Order reversed in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

5/16/2024