J-A14023-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: S.C. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: B.C. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 3024 EDA 2024 |

Appeal from the Order Entered October 31, 2024
In the Court of Common Pleas of Chester County Orphans' Court at
No(s): 15-24-1449

BEFORE: PANELLA, P.J.E., NICHOLS, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED JULY 21, 2025**

Appellant B.C. appeals *pro se* from the orphans' court order adjudicating S.C. to be totally incapacitated and appointing a plenary guardian of his person and of his estate. Appellant argues that the orphans' court erred by vacating S.C.'s power of attorney to Appellant and appointing a plenary guardian for S.C. For the following reasons, we dismiss this appeal as moot.

Briefly, the Chester County Department of Aging (CCDA) filed a petition for the appointment of an emergency guardian of the person and estate of S.C. on July 2, 2024. *See* Orphans' Ct. Op., 12/30/24, at 1. At that time, S.C. was ninety-three years old and living at St. Martha's Villa, an assisted living facility in Downingtown, Chester County. *See id.* at 1-2. CCDA alleged that Appellant was not communicating with the staff at St. Martha's Villa and

_____

[*] Retired Senior Judge assigned to the Superior Court.

S.C. was facing discharge from St. Martha's Villa because of unpaid fees. ***Id.*** at 2. Following an emergency hearing, the orphans' court appointed an emergency guardian of S.C.'s person and estate. ***See id.***; ***see also*** Emergency Guardianship Pet., 7/3/24, at 2-3.

CCDA subsequently filed a petition for the appointment of a plenary guardian for S.C. ***See*** Orphans' Ct. Op., 12/30/24, at 2. After a hearing on October 25, 2024, the orphans' court entered an order adjudicating S.C. to be a totally incapacitated person, revoking S.C.'s POA, and appointing Carol Hershey and Guardianship Services of Pennsylvania (collectively GSP) as S.C.'s permanent plenary guardian. ***See id.*** The orphans' court entered an amended order appointing GSP as S.C.'s plenary guardian on October 31, 2024.[1] Appellant filed a timely notice of appeal. Appellant and the orphans' court complied with Pa.R.A.P. 1925.

On May 14, 2025, CCDA filed a suggestion of death pursuant to Pa.R.A.P. 502 indicating that S.C. died on April 17, 2025 and requesting that this Court dismiss this appeal as moot. ***See*** CCDA's Suggestion of Death, 5/14/25. That same day, Appellant responded to CCDA's suggestion of death, in which he argued that this appeal is not moot because he raised issues related to "significant procedural, legal, and factual matters including the

_____

[1] The orphans' court's order is dated October 30, 2024, but it was docketed and notice was sent to the parties on October 31, 2024. ***See*** Pa.R.A.P. 108(c) (providing that the date of entry of an order is the day the clerk of the orphans' court mails or delivers copies of the order to the parties); ***see also*** Pa.R.O.C.P. 4.6. We have amended the caption accordingly.

handling of [S.C.'s] estate, access to personal belongings, and the conduct of the guardian." Appellant's Resp., 5/14/25, at 1 (unpaginated).

On May 20, 2025, this Court ordered GSP to file a certified copy of S.C.'s certificate of death within ten days. Further, this Court ordered the parties to show cause why this appeal should not be dismissed as moot.

Appellee GSP filed a response to this Court's show cause order, arguing that "this matter does not fall into one of the exceptions of the mootness doctrine[,]" and requesting that this Court dismiss the appeal as moot.[2] GSP's Resp. to Show Cause Order, 6/3/25, at 2 (unpaginated). Further, Appellee GSP submitted a copy of S.C.'s obituary. *See id.*, Ex. A. Appellee GSP subsequently filed an application for relief on June 27, 2025, explaining that it is unable to obtain a certified copy of S.C.'s death certificate and requesting that this Cout accept an uncertified copy of S.C.'s death certificate instead. *See* GSP's Appl. for Relief, 6/27/25, at 2 (unpaginated), Ex. A.

Appellant also filed a response to this Court's show cause order, in which he reiterated his argument that this matter is not moot because "[t]he issues raised in the appeal are not moot because the actions and consequences resulting from the revocation of the POA continue to affect the rights, obligations, and potential legal liabilities of the Appellant, as well as the

---

[2] Additionally, Appellee GSP also filed an application for extension of time, in which Appellee GSP asserted that it had not been able to obtain a copy of the death certificate because interference from Appellant and other members of S.C.'s family. *See* GSP's Appl. for Extension of Time, 6/3/25, at 2 (unpaginated). This Court granted that application on June 6, 2025.

administration of the [S.C.'s] estate." Appellant's Resp. to Show Cause Order, 6/3/25, at 1 (unpaginated); **see also** Appellant's Brief at 5-11 (Appellant challenged the orphans' court's decision to appoint Appellee GSP as guardian and revoke the POA S.C. granted to Appellant). Additionally, Appellant contends that "the actions and consequences resulting from the revocation of the POA continue to affect the rights, obligations, and potential legal liabilities of the Appellant, as well as the administration of the decedent's estate." Appellant's Resp. to Show Cause Order, 6/3/25, at 1 (unpaginated). Lastly, Appellant asserts that there are issues related to another relative misappropriating of funds from S.C. and that he cannot investigate this because the orphans' court revoked his POA. **See id.** at 1-2.

Whether a case is moot presents a "pure question[] of law," and therefore, our "standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Dixon**, 907 A.2d 468, 472 (Pa. 2006) (citation omitted). This Court has explained that "[g]enerally, an actual claim or controversy must be present at all stages of the judicial process for the case to be actionable or reviewable. If events occur to eliminate the claim or controversy at any stage in the process, the case becomes moot." **In re Estate of Border**, 68 A.3d 946, 953 (Pa. Super. 2013) (citations omitted); **see also In re D.A.**, 801 A.2d 614, 616 (Pa. Super. 2002) (stating that "[a]n issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case" (citation omitted)).

It is well-established that the death of an incapacitated person means that the necessity for the guardianship of his or her estate has terminated. ***See, e.g.***, ***In re Widener's Estate***, 263 A.2d 334, 335 (Pa. 1970).  Upon the death of the incapacitated person, the guardian's sole remaining duty is to submit an account of the guardian's stewardship of the estate until the date of death.  ***See*** 20 Pa.C.S. § 5521(c)(2); ***see also Widener's Estate***, 263 A.2d at 335 n.3; ***In re Frew's Estate***, 16 A.2d 26, 27 (Pa. 1940).  Further, issues related to the propriety of the appointment of a guardian are rendered moot upon the death of the incapacity person.  ***See Widener's Estate***, 263 A.2d at 335.

However, this Court has stated:

> Even if a claim becomes moot, we may still reach its merits if the issues raised in the case are capable of repetition, yet likely to continually evade appellate review.  ***See also In re Fiori***, 673 A.2d 905, 909 n.4 (Pa. 1996) (holding death of patient did not preclude appellate review where issue was of important public interest, capable of repetition, yet apt to elude appellate review); ***Commonwealth v. Bernhardt***, 519 A.2d 417, 420 (Pa. Super. 1986) (holding exception to mootness doctrine exists where "(1) the question involved is capable of repetition but likely to evade review, or (2) the question involved is one of public importance").  Therefore, if the issues raised by an appeal are substantial questions or questions of public importance, and are capable of repetition, yet likely to evade appellate review, then we will reach the merits of the appeal despite its technical mootness.

***In re Duran***, 769 A.2d 497, 502 (Pa. Super. 2001) (some citations omitted and some formatting altered); ***see also Estate of Border***, 68 A.3d at 953-54 (same).

Here, the issues Appellant has raised are not questions that are capable of repetition, yet likely to evade appellate review. As stated above, Appellant has raised several challenges to the appointment of GSP as S.C.'s guardian. Generally, such issues become moot upon the death of the incapacitated person. *See Widener's Estate*, 263 A.2d at 335. Further, such matters are not likely to evade appellate review because the appellate courts of this Commonwealth routinely hear appeals involving requests to appoint plenary guardians for allegedly incapacitated persons. *See, e.g.*, *Estate of J.L.C.*, 321 A.3d 999, 1005 (Pa. Super. 2024) (vacating the orphans' court's decree appointing a guardian *ad litem* to make transactions and medical decisions on behalf of an eighty-year-old woman and suspending the woman's POA to her adult children); *In re Hyman*, 811 A.2d 605, 610 (Pa. Super. 2002) (affirming the orphan's court's order denying the son's petition to adjudicate his mother as incapacitated and to appoint a guardian for the mother's estate).

We also conclude that Appellant's issues related to Appellee GSP's conduct as S.C.'s guardian and the alleged misappropriation of S.C.'s money by a relative are not likely to evade appellate review because S.C.'s estate has other remedies available to it. *See, e.g.*, *In re Lohm's Estate*, 269 A.2d 451, 454 (Pa. 1970) (explaining that "a fiduciary who has negligently caused a loss to an estate may properly be surcharged for the amount of such loss" (citations omitted)); 20 Pa.C.S. § 3373 (stating that "[a]n action or proceeding to enforce any right or liability which survives a decedent may be brought by or against his personal representative alone or with other parties

as though the decedent were alive"). Lastly, Appellant has not argued that any of the issues he has raised are of public importance.

For these reasons, we conclude that none of the exceptions to the mootness doctrine apply here, and we dismiss this appeal as moot. *See Estate of Border*, 68 A.3d at 953-54; *Duran*, 769 A.2d at 502. In light of our disposition, we grant Appellee GSP's application for relief to accept an uncertified copy of S.C.'s death certificate and vacate the portion of our May 20, 2025 order directing Appellee GSP to file a certified copy of S.C.'s death certificate as moot.[3]

Appellee GSP's application for relief granted. Appeal dismissed as moot. This Court's May 20, 2025 order vacated in part. Appellant's application for clarification dismissed as moot.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/21/2025

_____

[3] Additionally, Appellant filed a "motion to clarify scope of authority and object to [Appellee GSP's] posthumous involvement," which this Court docketed as an application for clarification. Therein, Appellant requesting that this Court clarify that Appellee GSP's authority to act as S.C.'s guardian ceased upon S.C.'s death. *See* Appellant's Appl. to Clarify, 6/17/25. For the reasons stated above, we dismiss this motion as moot.